IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STANTON THOMPSON, IDOC # N03882, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CIVIL NO. 11-813-GPM |
| ) | |
| SHERRY BENTON, et al., ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the matter of leave to proceed in forma pauperis ("IFP"). Petitioner Stanton Thompson, a prisoner in the custody of the Illinois Department of Corrections who currently is confined in the Hill Correctional Center, brings this suit seeking a writ of mandamus against various officials and employees of the State of Illinois for alleged deprivations of Stanton's constitutional rights. Named as Respondents by Thompson are Sherry Benton, Gerardo Acevedo, S.A. Godinez, Matt Pogue, A. Eldert, Patrick Quinn, C. Brannon, Williams, Lois L. Lindorff, Jerri A. Friend, Gladyse C. Taylor, S. Wright, K. Britton, M. Rojas, B. Burgin, Rhonda Ryan, Pamela J. Hutchcroft, Scott A. Bailey, Ms. Miller, Ms. Williams, and Kerry J. Mitchell. The Court's usual filing fee in a civil case is $350. *See* 28 U.S.C. § 1914(a). However, pursuant to 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets, as well as "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In the case of civil actions, a

prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). After payment of an initial partial filing fee, a prisoner is required to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's trust fund account. *See* 28 U.S.C. § 1915(b). The agency having custody of a prisoner must forward payments from the prisoner's trust fund account to the clerk of the district court where the prisoner's case is pending each time the amount in the account exceeds $10 until the filing fee in the case is paid. *See id*. Importantly, a prisoner incurs the obligation to pay the filing fee for a lawsuit when the lawsuit is filed, and the obligation continues regardless any later developments in the lawsuit. *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Evans v. Illinois Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998) (citing *Newlin v. Helman*, 123 F.3d 429, 433-34 (7th Cir. 1997)); *Lucien v. DeTella*, 141 F.3d 773, 775 (7th Cir. 1998); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998); *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997); *Glass v. Rodriguez*, 417 F. Supp. 2d 943, 949 (N.D. Ill. 2006); *Longbehn v. Reno*, 27 F. Supp. 2d 1162, 1164 (W.D. Wis. 1998).

In this case Thompson has not tendered to the Court an affidavit of indigence or the requisite certified copy of his prison trust fund account statement for the six-month period preceding the filing of this lawsuit. Also, Thompson may not proceed IFP in federal court. Pursuant to 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

The statute provides further that, "[o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]"  28 U.S.C. § 1915A(b)(1).  Under 28 U.S.C. § 1915,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Here Thompson has had the following actions brought by him while a prisoner seeking redress from a governmental entity or officer or employee of a governmental entity that have been dismissed pursuant to 28 U.S.C. § 1915A as frivolous, malicious, or failing to state a claim upon which relief may be granted:  *Thompson v. Ester*, Civil No. 10-1212-HAB-JAG (C.D. Ill. dismissed July 9, 2010) (order dismissing action as frivolous and for failure to state a claim upon which relief may be granted); *Thompson v. Quinn*, Civil No. 10-1082-HAB-JAG (C.D. Ill. dismissed July 1, 2010) (order dismissing action for failure to state a claim upon which relief may be granted); *Stanton v. Bui,* Civil No. 10-3134-MEA (N.D. Ill. dismissed May 25, 2010) (same).  Thus, Thompson is foreclosed from proceeding IFP in this action by the so-called "three-strikes" rule barring a prisoner who has had three or more lawsuits dismissed as frivolous , malicious, or failing to state a claim upon which relief may be granted from bringing an action IFP in federal court.

Under 28 U.S.C. § 1915(g), of course, a prisoner who has three strikes nonetheless may proceed IFP in federal court if he or she is under imminent danger of serious physical injury.  In this

case, however, Thompson does not allege in his mandamus petition that he is under imminent danger of serious physical injury. Additionally, while it is the Court's usual practice to allow a struck-out prisoner a brief period of time in which to pay the filing fee for an action in full, in this instance the Court sees no reason to do so, as Thompson's suit is entirely futile. Pursuant to federal statute, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. However, federal courts have no authority to grant mandamus relief against state officials, as Thompson requests that the Court do in this case. *See Robinson v. Illinois*, 752 F. Supp. 248, 248-49 (N.D. Ill. 1990) (citing 28 U.S.C. § 1361) ("Federal courts have no general power to compel action by state officers[.]"). Furthermore, Thompson seeks mandamus relief to compel state officials to restore lost good-time credit to him, a problem for which the remedy is not a petition for a writ of mandamus in federal court but a petition for a writ of habeas corpus, after state remedies have been exhausted. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997), *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Miller v. Indiana Dep't of Corr.*, 75 F.3d 330, 331 (7th Cir. 1996); *Waletzki v. Keohane*, 13 F.3d 1079, 1080-81 (7th Cir. 1994); *Hanson v. Heckel*, 791 F.2d 93, 96-97 (7th Cir. 1986).[1] Thompson's petition for a writ of mandamus is due to be dismissed.

---

1. This does not mean, of course, that this Court is authorized to construe Thompson's petition for a writ of mandamus as as a petition brought under 28 U.S.C. § 2254. "[W]hen a suit that should have been prosecuted under the habeas corpus statute is prosecuted as a civil rights suit instead, it should not be 'converted' into a habeas corpus suit and decided on the merits." *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999) (citing *Moore v. Pemberton*, 110 F.3d 22 (7th Cir. 1997)). Instead, the civil rights suit "should simply be dismissed, leaving to the prisoner to decide whether to refile it as a petition for habeas corpus. The reasons are various, and include the fact that habeas corpus for state prisoners requires exhaustion of state remedies and that prisoners generally are limited to seeking federal habeas corpus only once." *Id*.

To conclude, it is hereby **ORDERED** that this action is **DISMISSED with prejudice**. The Clerk of Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:  September 14, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge
